McGREGOR W. SCOTT
United States Attorney
BENJAMIN B. WAGNER
Assistant U.S. Attorney
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2745

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>APPROXIMATELY $5,000.00 IN U.S. CURRENCY,<br><br>　　　　　Defendant.<br>_____<br><br>CHAO LEE,<br><br>　　　　Potential Claimant.<br>_____ | 2:07-MC-00121-DLJ-GGH<br><br>CONSENT JUDGMENT<br>OF FORFEITURE |

　　　Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

　　　1.　On August 24, 2006, Chao Lee was indicted pursuant to 18 U.S.C. § 1955(a).  A Superseding Indictment was filed December 14, 2006, charging Chao Lee with a violation of 18 U.S.C. § 1955(a).

　　　2.　Throughout 2006, prior to the execution of the search warrant on August 16, 2006, Chao Lee assisted Prasert Somsinsawasdi in the operation of an illegal gambling business that operated in violation of California law, and which involved more than five

1

participants who conducted, managed and directed the business.  The illegal gambling business was in operation for more than 30 continuous days before August 16, 2006.  Chao Lee assisted in the operation of the illegal gambling business by taking illegal bets from numerous bettors on a daily basis in his home at 3833 Sparrowood Way in Sacramento.  Bettors placed their bets by providing U.S. currency.  Prasert Somsinsawasdi delivered betting tally sheets to, and picked up cash from, the Sparrowood Way residence on a weekly basis.

    3.   Pursuant to his arrangement with Prasert Somsinsawasdi to assist the illegal gambling business, Chao Lee received a 5% commission on the gross value of bets placed at his residence.  Such commissions were paid in U.S. currency and were Chao Lee's primary income during the months preceding August 16, 2006.  During the execution of a search warrant at the Sparrowood Way residence on August 16, 2006, agents seized approximately $5,000 in U.S. currency ("defendant currency").

    4.   Chao Lee acknowledges that he is the sole owner of the defendant currency and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Chao Lee shall hold harmless and indemnify the United States, as set forth below.

    5.   This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

    6.   This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the property was seized.

7. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

8. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

9. All right, title, and interest in the approximately $5,000.00 in U.S. Currency seized on or about August 16, 2006, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), to be disposed of according to law.

10. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure and/or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and/or forfeiture, as well as to those now known or disclosed. The parties to the Stipulation filed herein have agreed to waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

11. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency, and a Certificate

3

of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

12. All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

DATED: October 29, 2007         /s/ D. Lowell Jensen
                                United States District Judge

**CERTIFICATE OR REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

DATED: October 29, 2007         /s/ D. Lowell Jensen
                                United States District Judge